UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

JUAN D. JIMENEZ,

        Petitioner,

        v.                                         Case No. 04-C-0713

UNITED STATES OF AMERICA,

        Respondent.

---

DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

        Petitioner, Juan D. Jimenez, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on July 23, 2004. Jimenez argues that his sentence is illegal under *Blakely v. Washington,* --- U.S. ----, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because the court made findings of fact in denying him points under § 3E1.1 of the United States Sentencing Guidelines for acceptance of responsibility. As a result, Jimenez submits that he was rendered ineligible for a safety valve sentence reduction under § 5C1.2 of the Guidelines. For the reasons set forth below, the motion will be denied.

        At the outset, Jimenez cites *Blakely* as support of his claim. However, *Blakely* held that the Washington state courts could not constitutionally rely on judicial findings to impose a sentence above the "standard range" set forth in the statute. *Id.* The United States Supreme Court expressly declined to rule on the federal sentencing guidelines. *Id.*, 124 S. Ct. at 2538 , fn. 9. However, on January 12, 2005, the Supreme Court in *United States v. Booker*, --- U.S. ----, ----, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621

(2005), extended *Blakely* to hold that the Constitution does not permit the use of mandatory sentencing guidelines in federal court to the extent that their application depends on facts that a jury has not determined.

Nevertheless, *Booker* does not implicate the validity of the sentence imposed in this case because the rights recognized in *Booker* do not apply retroactively on collateral review. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). This case is on collateral review. Jimenez, by counsel, filed a motion to withdraw the direct appeal with this court on December 19, 2003, and the motion was forwarded to the Seventh Circuit. The Seventh Circuit granted the motion and dismissed the appeal on March 30, 2004. Hence, Jimenez' conviction became final before the release of *Booker* on January 12, 2005.

Now, therefore,

IT IS ORDERED that Juan D. Jimenez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is denied.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge